Filed 1/27/25 A.D. v. B.G. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| A.D.,<br><br>    Respondent,<br><br>v.<br><br>B.G.,<br><br>    Appellant. | 2d Civ. No. B335061<br>(Super. Ct. No. D376245)<br>(Santa Barbara County) |

B.G. (Mother) appeals an order giving A.D. (Father) sole legal and physical custody of their minor daughter, A.D. She contends the family court erred by: (1) failing to apply Family Code[1] section 3044's presumption against awarding custody to a parent found to have perpetrated domestic violence; and (2) modifying the parties' existing custody order without sufficient evidence of changed circumstances. We will affirm.

_____

[1] Further unspecified statutory references are to the Family Code.

FACTUAL AND PROCEDURAL BACKGROUND

A.D. was born in 2015. Father filed this parentage case in May of 2016 after his relationship with Mother ended. They never married. A.D. resided with Mother in Lancaster and would visit Father, who lived in Oak Park. They stipulated to joint legal and physical custody in September of 2016.

The Los Angeles Department of Children and Family Services (DCFS) detained A.D. in 2018 following allegations of physical abuse by Father's then-girlfriend (the DCFS case).[2] The juvenile court in Los Angeles entered a "Custody Order-Juvenile-Final Judgment" in February 2019 awarding Mother sole physical custody and ordering Father to attend parenting classes.[3] They continued to share legal custody. Father moved to Colorado in March of 2021 and visited A.D. monthly.

A.D. began first grade in August of 2021. She struggled with attendance. Mother and Father agreed to move A.D. from Lancaster to Oak Park in February of 2022 so she could live with Father's parents. She finished first grade at Brookside Elementary School. Father returned from Colorado in August of 2022 and moved into his parents' house with A.D.

A.D. began second grade at Brookside. Mother withdrew her mid-year from school and relocated her to Lancaster. A.D. again struggled. She returned to live with Father and his

---

[2] *In re A.D.* (Super. Ct. L.A. County, 2018, No. 18LJJP 00554A).

[3] We grant Mother's March 13, 2024 request for judicial notice of the "Custody Order-Juvenile-Final Judgment" dated February 16, 2019 in the DCFS case. We otherwise deny the request.

parents a few weeks later. A.D. reenrolled at Brookside and finished second grade.

In September of 2023, Father sought emergency orders in the parentage action giving him sole legal and physical custody of A.D. Father alleged mother's visits with A.D. had become less frequent over the past year. He suspected Mother was smoking methamphetamine and allowing her abusive boyfriend, R.C., a registered sex offender from Texas, to live in her house. Father alleged that during a recent visit Mother told A.D. to remain in the back room in case anyone started shooting at the house. The family court denied the request for emergency orders but ordered the parties to mediate. Mother removed A.D. from Brookside after receiving father's request for orders and began homeschooling her in Lancaster.

A court-appointed custody counselor separately interviewed Mother, Father, and A.D. in November of 2023. The counselor previously mediated their case in 2016. She recommended the family court award Father physical custody during the school year and a "two weeks on / two weeks off" schedule during summer break. The court adopted the recommendations as its temporary order and scheduled an evidentiary hearing for December 13, 2023.

The custody counselor testified at the evidentiary hearing about her interviews. Mother testified as well. She denied allegations of drug and alcohol abuse. She stated she was no longer in a relationship with R.C. and there was "no more domestic violence." At the hearing's end, the family court made its temporary order permanent (December 13 order). Mother appealed.

There is no reporter's transcript of the evidentiary hearing. Appellant elected to use a settled statement as the oral record on appeal and filed a proposed statement with the family court. (Cal. Rules of Court, rule 8.137.) Father filed a response and requested a resolution hearing. The family court certified Father's response "as an accurate summary of testimony [and] other relevant evidence" presented on December 13.

DISCUSSION

*Appealability*

Father argues we must dismiss the appeal because the December 13 order is only an "interim custody order." We denied his earlier motion to dismiss on identical grounds.[4] His second effort is no more persuasive than the first.

Father sought to permanently modify custody and visitation rights. He stated as follows in the declaration supporting his request for orders: "PERMANENT ORDERS SOUGHT [¶] b. Sole physical custody of [A.D.] to father; [¶] i. Monitored visitation with mother keeping in mind [A.D.'s] school and other needs. Visitations to occur in Oak Park area. Monitor to be paid by the Respondent. R.C. not to be around [A.D.]. [¶] c. Sole legal custody of [A.D.] to Father . . . ."

The family court granted Father's request. The minute order from the December 13 hearing states: "The Court finds the [mediator's] recommendation is in the best interest of the minor child and makes the temporary order *the permanent order of the court*." (Italics added.) Father's responsive settled statement— which the family court adopted as the settled statement on appeal—summarized the findings similarly: "The Court made a finding that [Mother] was not credible and that the Court found

_____

[4] See Order dated April 26, 2024.

4

it unlikely that the minor child made false reports to the mediator. The Court further found that based on the recommendations and testimony of the mediator and on the declarations received by the court, there was a significant change of circumstances and found that the recommendation is in the best interest of the minor child and makes the temporary order *the permanent order of the court*." (Italics added.)

Despite requesting and receiving permanent relief, Father argues the December 13 order is not appealable because the court has not entered final judgment. (See *Enrique M. v. Angelina V.* (2004) 121 Cal.App.4th 1371, 1377 ["the right to appeal a child custody determination is generally limited to final judgments and orders made after final judgments"].) This is misleading. Father sought to modify a final judgment entered in Los Angeles in February of 2019. He chose Ventura as the venue for his modification request. The resulting order is an order made after judgment. (Code Civ. Proc., § 904.1, subd. (a)(2).) He cannot immunize the order from appeal by crossing county lines and filing his request in a separate case.

We now turn to the merits of Mother's appeal.

*Family Code Section 3044*

Mother contends the family court erred because it failed to apply section 3044's rebuttable presumption against awarding custody to a parent found to have perpetrated domestic violence. (See *Celia S. v. Hugo H.* (2016) 3 Cal.App.5th 655, 661 ["section 3044 establishes a rebuttable presumption that awarding physical or legal custody to a parent who has committed domestic violence is detrimental to a child's best interest . . ."].) The presumption does not apply here. The DCFS case against Father and his then-girlfriend was filed in August of 2018. He requested

5

the appealed orders in September of 2023 and the court granted them in December of 2023. The presumption applies to domestic violence perpetrated "within the previous five years." (§ 3044, subd. (a).) Mother presented no evidence of domestic violence perpetrated by Father within this period.

*Custody Order*

Mother next contends the family court "improperly modified prior juvenile court orders without sufficient evidence of changed circumstances since their issuance." We review the December 13 order, as Mother acknowledges, for substantial evidence. (*In re Marriage of Fajota* (2014) 230 Cal.App.4th 1487, 1497 [factual findings underlying custody and visitation orders reviewed for substantial evidence].)

"When issuing custody and visitation orders, a trial court's paramount concern is the best interests of the child." (*In re Marriage of C.D. & G.D.* (2023) 95 Cal.App.5th 378, 380; § 3020, subd. (a).) The court must consider many factors when determining these interests, including, among other things, "[t]he health, safety, and welfare of the child" and "[t]he habitual or continual illegal use of controlled substances . . . by either parent." (§ 3011, subd. (a)(1)&(4).)

Mother and Father filed lengthy declarations accusing each other of endangering and manipulating A.D. Mother, for example, cited the DCFS case as evidence of Father's past abuse and described how A.D. regularly suffered minor injuries while in his care. She described how Father repeatedly violated existing custody orders and purposefully limited her contact with A.D. after they agreed to place her with Father' parents she moved to Oak Park. Father described Mother as a drug user who lived in a

violent neighborhood with a boyfriend who was previously convicted of sexually assaulting a 14-year-old girl.

The family court considered these declarations along with testimony from the mediator and Mother at the evidentiary hearing. It found the mediator's testimony credible and Mother's testimony not credible. We decline to second guess the family court's weighing of the evidence, particularly those findings based on witness credibility. (*In re Marriage of Winternitz* (2015) 235 Cal.App.4th 644, 653.)

DISPOSITION

The December 13 order is affirmed. Respondent shall recover his costs on appeal.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

YEGAN, Acting P. J.

BALTODANO, J.

7

Hon. Michael S. Lief, Judge
Superior Court County of Ventura

_____

B.G., in pro per, for Appellant.

Lozoya & Lozoya, Robin J. Lozoya, for Respondent.